MINNIE BAILEY BREDE AND CHARLES K. BAILEY
   *v.* THE FIRST NATIONAL BANK OF WAILUKU,
   A CORPORATION ORGANIZED AND EXISTING
   UNDER AND BY VIRTUE OF THE LAWS OF
   THE UNITED STATES OF AMERICA.

### No. 982.

SUBMISSION UPON AGREED STATEMENT OF FACTS.

SUBMITTED NOVEMBER 20, 1916.          DECIDED NOVEMBER 24, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

WILLS—*mortgage by remainderman—termination of mortgagor's estate.*
   B., by will, devised his real estate to his wife for life, and after
   her death certain portions to his son W. K. B.; the will provided
   that if any devisee should die before the testator's wife died the
   share which otherwise would have fallen to such devisee should

go to his heirs; W. K. B. mortgaged the property so devised to him, after which he died prior to the death of the widow of testator, leaving children surviving him who are admitted to be his heirs: Held, that whatever estate W. K. B. took under the will terminated with his death and that his surviving children, as heirs, took free from any lien of such mortgage.

### OPINION OF THE JUSTICES BY QUARLES, J.

This is a submission without action upon an agreed statement of facts of a controversy involving the construction of certain provisions of the will of Edward H. Bailey, deceased, and the force and effect of a certain mortgage. In the said will are the following provisions:

"I devise and bequeath all of my property of whatsoever nature, and wheresoever situate, and of which I may die seized and possessed either in my own name, or in the name of another in trust for me, unto my wife, Emily Bailey, for and during her natural life; she, during such period of time, to have the sole use and benefit of all rents, issues, and profits from time to time during her life accruing and growing out of said properties after the payment of all expenses and commissions.

"After the death of my said wife my property shall descend as follows:

"Unto my son, William K. Bailey, all those certain premises, with the improvements thereon, situate in Wailuku, County of Maui, Territory of Hawaii, located at the northeast corner of Main and High Streets, commonly known as and called the 'Bailey Block', and those certain premises, with the improvements thereon, situate in said Wailuku, located on the south side of Vineyard street, bounded on the west by what was formerly known as the Pae (now Miner) property, on the east by what was formerly known as the Malaihe (now Bailey) property, and comprising what is sometimes called the Mary Bal, the Lumelani, and the Wailuku Sugar Company pieces of land. * * *

"If any of the devisees hereinabove in this will named shall die before my wife dies I then direct that the share

that would otherwise have fallen to such person shall descend to the then heirs at law of such person."

The testator, who owned the property mentioned in the clauses quoted, died in November, 1910. September 7, 1912, his son, William K. Bailey, named in said will, executed and delivered to the defendant bank a mortgage upon the property described as the "Bailey Block", to secure payment to the defendant of a certain sum of money. William K. Bailey died January 1, 1913, leaving two daughters and a son surviving him, to wit, the plaintiffs Minnie Bailey Brede and Charles K. Bailey, and Mary Bailey Holt. Mary Bailey Holt by deed has heretofore conveyed her interest in the property to the plaintiff Minnie Bailey Brede. The wife of the testator, Emily Bailey, survived the testator but died March 16, 1915. The plaintiffs claim to own the said property free from any lien or claim of defendant by reason of the said mortgage. The defendant claims to have a lien upon the said property for the amount of the said mortgage debt, which has never been paid. The questions submitted by the parties are:

"First:   Did the plaintiffs, by reason of the circumstances hereinabove set forth, take an absolute fee simple title in said property?

"Second:   Is said mortgage, by reason of the circumstances hereinabove set forth, a valid and subsisting charge or lien against said property?"

The provisions, which are here involved, in the will in question, are similar to those in Rooke's will, construed in *Rooke* v. *Queen's Hospital,* 12 Haw. 375, where the testator devised and bequeathed all of his property to his wife Grace, to be used and enjoyed by her during her natural life, and immediately after her death, to his adopted daughter Emma, to be used and enjoyed by her during her natural life and her children forever, with this proviso: "But should the aforesaid Emma Rooke decease before me, the said tes-

tator, or decease without leaving any issue, then I hereby give and bequeath the same unto my nephew and godson, Creswell Charles Keane Rooke, * * * and his heirs forever." Rooke, the testator, died in 1858; his wife survived him, but died soon afterwards. Emma, who had married King Kamehameha IV, gave birth to a son, the Prince of Hawaii, who died in 1868. Emma died in 1885 leaving no issue surviving her. It was held that the Prince either took a "vested remainder" or that he and C. C. K. Rooke took "alternate contingent remainders," and that in either case "upon the death of Emma without leaving issue surviving her, C. C. K. Rooke became entitled in fee simple in possession, by way of executory devise or remainder as the case might be." Here the intention of the testator, Edward H. Bailey, who devised to his wife, Emily, a life estate only, is apparent. Whether it be held that the interest which William K. Bailey took is a vested remainder subject to defeasance upon his decease prior to that of the testator's widow, or whether it was contingent only, it is not necessary to determine here, as in either case, upon his death during the lifetime of Emily, the testator's widow, the estate devised to him terminated, and his surviving heirs took the fee simple title absolute free from any lien by reason of the said mortgage to the defendant whose rights and title under the mortgage terminated with those of the mortgagor.

A decree may be entered decreeing that the title in fee simple to the said described property covered by the mortgage is in the plaintiffs as against the defendant and that the defendant has no lien thereon by reason of the said mortgage.

*C. F. Peterson* for plaintiffs.

*D. H. Case* for defendant.